ALLEN CRITTENDEN, ADMINISTRATOR OF THE ESTATE OF FREDERICK BASOM v. ALBERT BASOM ET AL.

*Payment of demands against estate—Bill to set aside previous conveyances.*

A bill filed by an administrator to subject property once owned by his intestate to the payment of demands against the estate, will not lie where the bill itself tends to show that the property was disposed of without fraud as against creditors; as where deeds were given in escrow for the purpose of distributing the property among the grantor's heirs without will or administration, and with the reservation of a power to destroy the papers at any time.

Appeal from Washtenaw. Submitted April 7. Decided April 13.

BILL to obtain release of deeds. Dismissed on demurrer. Complainant appeals. Affirmed.

*Joslin & Whitman* for complainant. The conveyances which complainant prays may be released are void as against

creditors, and may be set aside under Comp. L. § 4416 : *Norton v. Norton* (1850) 5 Cush. 524 ; *Chase v. Redding* (1859) 13 Gray 418 ; *Wall v. Prov. Inst.* (1863) 6 Allen 320 ; *Parker v. Flagg* (1878) 127 Mass. 28.

*Bradley F. Granger* for defendants. Where a grantor directs that the deed be kept in escrow until after his death and then be delivered to the grantee, the estate vests in the grantee from the time of its execution : *Foster v. Mansfield* 3 Met. 412 ; if he delivers it in trust to be delivered after his death, unless he directs otherwise, and he gives no other directions, it takes effect at his death as from the date of delivery : *Morse v. Slason* 13 Vt. 296.

GRAVES, J. The complainant filed this bill in his character of administrator in order to subject certain real property which his intestate once owned to the payment of demands against the estate, and the court below dismissed it on demurrer. The right to file such a bill is rested solely on the statute which enables an administrator in case of deficiency of assets to sue in chancery to recover rights or interests in real estate which the deceased shall in his lifetime have conveyed with intent to defraud his creditors or to avoid some right, debt or duty, or where the transfer is in law void as against creditors. Comp. L. §§ 4416, 4417.

But this bill fails to state any case within the contemplation of the statute, and not only so, it presents a state of things tending to negative the existence of such a case. Several conveyances made just before the death of the intestate, and several other connected transactions, are set forth and explained. But there is no pretense of any fraud, nor any charge or suggestion impeaching good faith. On the contrary the bill expounds and construes the transaction in this manner :

"That all of said deeds of conveyance hereinbefore mentioned as executed and acknowledged by said Frederick Basom were made for the purpose of distributing his estate among his heirs without the aid of the probate court, and as and for or in lieu of a distribution thereof by will ; and

that none of said deeds were to be delivered or recorded before the death of said Frederick; that said Frederick, at the times respectively of the execution of the same, placed said deeds in the hands of your orator for safe-keeping, but at all times retained the control and direction of them, and the full right and power to destroy any or all of them at any time, excepting perhaps the deed mentioned in paragraph 11 (being a transfer running to his son William S. Basom) for which in his life-time said Frederick received a consideration as aforesaid, and that the same mortgages and notes specified in paragraphs 17 and 18 (being papers executed by those named as grantees in certain deeds and made to carry out arrangements of which the deeds were parts) were placed in the hands of your orator expressly subject to destruction with the deed to said William specified in paragraph 15, by said Frederick at any time that he might see fit, and that said mortgages and said notes were not to be and, in fact, were not delivered to the said George and the said Rufus or either of them until after the death of said Frederick."

It is very plain that the bill cannot be supported.

The decree is affirmed with costs.

The other Justices concurred.